# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: <br> A WHITE SAMSUNG CELL PHONE, <br> MODEL SM-N920P, MEID HEX NUMBER <br> 0X99000700044580 | Case No.: 4:17-mj-130/CAS |

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

### I. INTRODUCTION

I, Matthew Vecchio, being duly sworn, depose and state the following:

1. This affidavit is submitted to request the issuance of a search warrant for the contents of a white Samsung SM-N920P cellular phone, S/N unknown; MEID HEX number 0X99000700044580 (hereinafter the "ELECTRONIC DEVICE") that is believed to be the property of Jami Nichole Hill ("Hill"), DOB: 04/20/1979, which was seized from her at the Marianna Post Office located at 4396 Lafayette Street, Marianna, Florida, on August 25, 2017.

2. It is believed that the ELECTRONIC DEVICE contain evidence relating to violations of Title 21 U.S.C. § 841 (possession or manufacture and distribution of, and possession with intent to distribute, controlled substances).

3. This Affidavit is made in support of a Search Warrant Application for authority to search the ELECTRONIC DEVICE as more particularly described in "Attachment A" hereto, and for authority to seize evidence, fruits, and

instrumentalities, of crimes against the United States, specifically the crime enumerated in Paragraph 2 of this Affidavit, as described in "Attachment B" hereto.

4.    This affidavit is based upon my personal knowledge, experience and training, and other information developed during the course of this investigation. This affidavit is also based upon information and experience imparted to me by other law enforcement officers. Because this affidavit is being submitted for the limited purpose of establishing probable cause and securing a search warrant, I have not included each and every fact known to me concerning this investigation.

## II.    EXPERIENCE OF AFFIANT

5.    I have been a Postal Inspector with the United States Postal Inspection Service ("USPIS") since August of 2012. In August of 2012, I attended the United States Postal Service Career Development Unit ("CDU") Criminal Investigator School located at CDU in Potomac, Maryland, for a period of twelve (12) weeks. I have received extensive formal and on-the-job training in the provisions of the federal laws administered under Title 18 and Title 21 of the United States Code. Since my graduation, I have worked a variety of assignments where I have been the case agent for and/or assisted with investigations involving violations of federal law.

6.    Over my career, I have participated in numerous arrests where probable cause was based on violations of federal law and/or state law, including

investigations involving the distribution of narcotics. Additionally, I have participated in numerous interviews with criminals and others to include, but not limited to, criminal associates, spouses, family members, significant others (i.e. girlfriends, boyfriends, etc.) and friends, regarding the unlawful possession of narcotics.

7.  I know, through my training and experience, that Title 21 U.S.C § 841 prohibits the manufacture and distribution of, and possession with intent to distribute, controlled substances, to wit: MDMA.

8.  I know, through my training and experience, that criminals who deal in the unlawful sale of narcotics, commonly have in their possession, a supply of different types of illicit narcotics, scales for measuring an accurate quantity of narcotics for buyers, baggies for packaging the narcotics, firearms for protection, large amounts of United States Currency and one or more cellular telephones for communicating with buyers and sources of supply.

9.  I know, through my training and experience, that cellular telephones can contain a substantial amount of information relevant to the investigation of a criminal case. Criminals who conspire or plan to commit criminal offenses, including illegal narcotics dealing and/or other crimes, often communicate with each other prior to the time of the criminal offense, and that the communication is often about the logistics or the manner in which offenses will be carried out. These same

individuals will often communicate with each other after the offense, to include conversation regarding the subsequent sale and disposition of contraband, like illicit narcotics or future unlawful activity and/or transactions.  Criminals will often facilitate this communication with each other using cellular telephones, either through verbal communication and/or through text-based messaging.  As such, their cellular telephones will oftentimes store contact information in call logs, address books, speed dial lists or in other areas of the telephone.  To the extent that criminals use services such as instant messaging and/or text messages, these messages can sometimes be found within the memory of the physical cellular telephone or inserted memory storage media.

10. I know, through my training, experience, and familiarity with cellular telephones, that cellular telephones have and/or contain voicemail, telephone directory, contacts, text messages, photographs, applications, and information about wireless access to the internet.  In addition, I am aware that the electronic memory found in most cellular telephones as well as the inserted SIM card and SD cards contain caller identification information, call log information (including records of the telephone numbers from which calls were received and to which calls were placed), telephone numbers, address information, other identification information (including a method to learn the telephone number assigned to the cell phone), as well as received and sent text messages and stored media like notes, photographs,

video recordings and audio recordings. I know, based on my past experiences, that evidence of criminal activity, in particular drug dealing and firearm possession, are found on photographs, text messages, and voicemails.

11.   I know, through my training and experience, that electronic devices, such as cellular telephones and other electronic storage media (*i.e.* SD cards, SIM Cards, etc.) can store information for long periods of time. I know that most cellular telephones have the capability to access the Internet and therefore individuals can easily access their email, social networking accounts (*i.e.,* Facebook, etc.), and application-based text message communication services (*i.e.,* Facebook Messenger, Snap Chat, encrypted messaging applications, game applications, etc.) through their cellular telephones.

12.   I know, through my training and experience, that computer files, images, recordings, videos or remnants of such items can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years, and even when files have been deleted, they can be recovered months or years later using forensic tools.

13.   I am informed by the lead case agent on the USPIS investigation into the criminal activity of Jami Nichole Hill, who on or about August 25, 2017, did unlawfully possess approximately 62 grams of suspected MDMA by placing the

pills inside Express Mail Parcel EL516354486US and mailing the parcel to Marie Townes, 35426 25th Avenue SW, Apartment 9-301, Federal Way, WA 98023.

14. The information contained in this affidavit was either obtained by me directly or relayed to me by other law enforcement officers. Because the purpose of this affidavit is only to establish probable cause for the issuance of a search warrant, I have not included each and every fact known to me or the government concerning this investigation.

### III. PROBABLE CAUSE

15. On August 24, 2017, the U.S. Postal Inspection Service was contacted by postal management at the Marianna Post Office, Marianna, FL in reference to Express Mail package EL516354486US going to Marie Townes, 35426 25th Avenue SW Apt. 9-301, Federal Way, WA 98023 with a return address of, Jami Hill, 3349 Old U.S. Road, Marianna, FL 32446. Postal Management advised an odor of marijuana was coming from the package.

16. On August 25, 2017, Inspectors contacted Jami Hill via telephone in reference to Express Mail package EL516354486US. She advised she mailed the package and advised the package contained storage containers that once contained marijuana. Hill agreed to meet Inspectors at the Marianna Post Office in reference to the contents of the package.

6

17. Inspectors met with Hill at the Marianna Post Office. Hill gave inspectors consent to open the package and verify there were was nothing illegal inside the package. Hill advised there were storage containers inside the package that she used to store marijuana inside when she was in Washington. Hill stated she had a medical marijuana card and she stored marijuana inside the containers. Hill said she moved to Marianna, Florida in June 2017 from the state of Washington. Hill advised the package contained a blanket, storage containers and wallets. Inspectors located a bundle of money wrapped in green plastic concealed in the blanket and Hill advised it was $8,000. Hill said the money was for a 1996 Suburban her friend bought for her. Hill stated she was paying her friend back. Hill said she got the money from selling her belongings when she moved from Washington to Florida in June. Hill said she mailed cash because she did not have a bank account. Hill advised she does not have a job.

18. Inspectors located two plastic bags containing multicolored pills inside one of the wallets. Hill advised she did not know the pills were inside the wallet and she did not know what they were. Hill said she just purchased the wallets from a store in Marianna, Florida. Hill stated she had a prior arrest for distribution of methamphetamine. Hill became nervous and uneasy when inspectors asked her about the money and pills found inside the package she mailed. The multicolored

pills field tested presumptive positive as MDMA (Ecstasy). Hill advised she did not want to talk to inspectors anymore and the interview was terminated.

19. Inspectors contacted Marie Townes via telephone in reference to Express Mail package EL516354486US being mailed to her by Jami Hill. Ms. Townes advised Jami Hill is her friend and she was mailing her a blanket, wallets and money to pay a car note. She advised Jami Hill purchased a car and she was sending her $8,000 to pay for the car. Ms. Townes said she was going to make the payment to the car dealership for Hill.

20. Inspectors checked the U.S. Postal Service database and discovered two packages were mailed from Federal Way, WA to Hill's uncle's residence, 4289 Cedar Lane, Marianna, FL 32448 in July 2017. One package weighing 2 pounds 8 ounces was mailed July 1, 2017, and the second package weighing 12 pounds 1 ounce was mailed July 13, 2017.

21. Hill possessed a cellular telephone, the ELECTRONIC DEVICE, and law enforcement seized the ELECTRONIC DEVICE. Based on my training and experience I know individuals utilize cellular phones to facilitate the distribution of illegal narcotics and drug proceeds. Cellular phones are utilized for calls, text messages, track packages, etc. to facilitate the distribution of illegal narcotics and drug proceeds.

22. Based on the facts outlined in this affidavit, I submit there is probable cause to believe that evidence of violations of 21 U.S.C. § 841(a) will be found in the ELECTRONIC DEVICE, which is currently located at USPIS Tallahassee Domicile, 3520 Thomasville Road Suite 300, Tallahassee, Florida, a place within the Northern District of Florida.

23. Inspectors had to power the ELECTRONIC DEVICE on temporarily in order to attempt to recover the MEID HEX number or other identifying number from the settings. The above listed information was obtained from the ELECTRONIC DEVICE. Inspectors did not otherwise search the contents of the ELECTRONIC DEVICE.

24. Based on my training, experience, and familiarity with criminal activity and cellular telephones, I believe that there is probable cause that evidence of criminal wrongdoing will be found on the ELECTRONIC DEVICE to include call logs, e-mails, text messages, photographs, videos, voicemails, contacts, smartphone applications (aka – APPS) to include, but not limited to, Facebook, Facebook Messenger, and other social networking/media applications commonly found on today's smartphones. Drug traffickers routinely use cellular telephones (cell phones) to conduct and further their illegal activities and to communicate with other drug traffickers, co-conspirators, confederates, and the like for the purpose of facilitating their narcotics business. They are known to keep these telephones with them while

conducting their illegal affairs. Further, these same devices are commonly used to store information of their associates names and phone numbers of other subjects involved in these types of crimes. Consequently, I respectfully submit that there is probable cause to believe that Hill used this ELECTRONIC DEVICE in furtherance of her narcotics trafficking and this ELECTRONIC DEVICE contain evidence of narcotics trafficking.

25. All of the data on the phone will be extracted using a Cellebrite system, which is a cellular phone forensic tool commonly used by law enforcement. The data will be reviewed only for the purpose of determining its relevance to drug offenses as alleged in this Affidavit. Data will not be reviewed for any other purpose. If evidence of a different crime is discovered while reviewing data to determine its relevance to drug offenses, no broader review of data will be undertaken unless authorized by an additional warrant.

WHEREFORE, your affiant respectfully requests that the Court issue a search warrant commanding your affiant or any other duly authorized law enforcement official to gain access to the ELECTRONIC DEVICE described in Attachment A, to search for and seize contraband and evidence of narcotics importation, possession with intent to distribute narcotics, and fruits of such crimes as described in Attachment B.

Respectfully submitted,

_____
Matthew Vecchio, Postal Inspector
United States Postal Inspection Service

Subscribed and sworn to before me on September __6__, 2017

_____
HONORABLE CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE

## **ATTACHMENT A**

### **Electronic Device to be Searched**

One white Samsung SM-N920P cellular phone (MEID HEX number 0X99000700044580) (also referred to as "SAMSUNG CELL PHONE (MEID HEX ---4580)").

# ATTACHMENT B
## Property to be Seized

Any information regarding the purchase, sale, and distribution of narcotics.

Evidence of user attribution showing who used or owned the Electronic Device, such as logs, phonebooks, saved usernames, passwords, documents, browsing history, text messages, photos, videos, call records and address files.

All records on these electronic devices and their components described above that relate to violations of 21 U.S.C. § 841 involving Jami Nichole Hill, including:

a.  Caller identification information;

b.  Call log information (including records of the telephone numbers from which calls were received and to which calls were placed);

c.  Contact information to include but not limited to names, telephone numbers, address information, photographs, videos and other identifying information;

d.  Other identification information;

e.  Received and sent text/SMS messages;

f.  Received and sent multimedia messages;

g.  Any opened and unopened voicemail and/or text messages and/or photographs and/or videos;

h.  Any photographs;

i.  Any video recordings;

j.  Any audio recordings;

k.  Any calendar or scheduling information;

l.  Any location and/or GPS information;

m.  Any application (commonly referred to as "apps") account information; and

n.  Any information about access to the internet.